134 A.3d 25

IN THE MATTER OF JOHN C. SPADORA, AN ATTORNEY
AT LAW (ATTORNEY NO. 261961970).

April 21, 2016.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 14–356, concluding that **JOHN C. SPADORA** of **UNION CITY,** who was admitted to the bar of this State in 1970, should be censured for violating *RPC* 1.15(a) (commingling personal and client funds in the trust account), *RPC* 1.15(d), *Rule* 1:21–6 (recordkeeping violations), and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board having further determined that respondent should be required to (1) comply with all outstanding requests for information from the Office of Attorney Ethics, (2) retain a forensic accountant to review respondent's financial records, (3) submit to the Superior Court Trust fund all money identified by the forensic accountant as unidentifiable or unclaimed, or held for missing owners, (4) submit to the Office of Attorney Ethics monthly three-way reconciliations of his trust account for a period of two years, (5) practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics, and (6) file reports to ensure that respondent complies with the recordkeeping requirements of *Rule* 1:21–6,

And good cause appearing;

It is ORDERED that **JOHN C. SPADORA** is hereby censured; and it is further

ORDERED that respondent shall (1) comply with all outstanding requests for information from the Office of Attorney Ethics within ninety days after the filing date of this Order, (2) retain at respondent's expense a forensic accountant approved by the Office of Attorney Ethics to review respondent's financial records and to calculate the amount of money that is owed to respondent, his

clients, and third parties, (3) transfer all money identified by the forensic accountant as unidentifiable or unclaimed, or held for missing owners, to the Superior Court Trust Fund, (4) submit to the Office of Attorney Ethics monthly three-way reconciliations of his trust account for a period of two years and until the further Order of the Court, (5) practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics until the further Order of the Court, and (6) file reports with the Office of Attorney Ethics to ensure that respondent complies with the recordkeeping requirements of *Rule* 1:21–6, on a schedule to be determined by that office, and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.